IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL H.-G.,[1]                                    Case No. 1:23-cv-00019-HL

          Plaintiff,                          **OPINION AND ORDER**

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

_____

HALLMAN, United States Magistrate Judge:

     Plaintiff Michael H.-G. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the decision of the Commissioner is AFFIRMED.

## STANDARD OF REVIEW

     42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming,

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

### I.   Plaintiff's Application

Plaintiff alleges disability based on his type two diabetes, neuropathy and obesity. Tr. 67-71.[2]  At the time of his alleged onset date, he was 48 years old. Tr. 67. He has completed high school, holds a civilian driver's license and used to hold a commercial driver's license. Tr. 35, 68. He has past relevant work as a dispatcher and bus driver. Tr. 21.

---

[2] Citations to "Tr." are to the Administrative Record. ECF 9.

Plaintiff protectively applied for DIB on June 17, 2020, alleging an onset date of September 20, 2019. Tr. 67-71. His application was denied initially on December 23, 2020, and on reconsideration on March 12, 2021. Tr. 87, 92. Plaintiff subsequently requested a hearing, which was held on February 4, 2022, before Administrative Law Judge ("ALJ") Joyce Frost-Wolf. Tr. 29-56. Plaintiff appeared and testified at the hearing, represented by counsel. Tr. 29. On March 23, 2022, the ALJ issued a decision denying Plaintiff's claim. Tr. 22. Plaintiff requested Appeals Council review, which was denied on November 4, 2022. Tr. 1-3. Plaintiff then sought review before this Court.[3]

## II.    Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§

---

[3] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636.  ECF 10.

404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## III.     The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date through the date of the ALJ's decision. Tr. 15.

At step two, the ALJ determined that Plaintiff has the following severe impairments: "diabetes mellitus type 2, peripheral neuropathy, obesity, hypertension, and coronary artery disease (CAD)/cardiomyopathy with quadruple coronary artery bypass graft." Tr. 15.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 16. The ALJ then resolved that plaintiff had the residual function capacity ("RFC") to perform the full range of light work, with the following limitations:

> "The [Plaintiff] can stand or walk for a total combined time of two hours in a workday and sit up to six. The [Plaintiff] cannot perform tasks that require pushing, pulling or work with pedals with the lower extremity. The [Plaintiff] can occasionally use ramps or stairs but cannot use ladders, ropes, or scaffolding. The claimant can occasionally perform stooping or crouching but no kneeling or crawling. The [Plaintiff] can frequently perform handling and fingering bilaterally. The [Plaintiff] cannot perform balancing on slippery, narrow, or uneven surfaces. The [Plaintiff] can occasionally work in environments with vibration but cannot work in environments with extreme heat or cold. The [Plaintiff] cannot work around heavy machinery with fast-moving parts, unprotected heights or perform driving."

Tr. 17.

At step four, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 21.

At step five, the ALJ found Plaintiff could perform other work that exists in significant numbers in the national economy. *Id*. The ALJ found that Plaintiff had the following transferrable skills: basic clerical skills, answering telephone/receptionist, paperwork and working on the computer. *Id*. After consulting with the Vocational Expert (VE), the ALJ listed "Receptionist" and "Clerical Sorter" as occupations that exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as Plaintiff. *Id*. Thus, the ALJ concluded that Plaintiff is not disabled under Medical-Vocational Rule 201.15. *Id*.

PAGE 5 – OPINION AND ORDER

**DISCUSSION**

Plaintiff argues that the ALJ committed harmful error at step five of the evaluation process by developing findings unsupported by substantial evidence. Specifically, Plaintiff argues that the "skills" identified by the ALJ do not qualify as skills the purposes of 20 C.F.R. § 404.1568(d)(1). Plaintiff's Brief ("Pl.'s Br."), ECF # 11, 6-7. Plaintiff also argues the ALJ failed to identify a "significant range of skilled work" to which Plaintiff's acquired skills, if any, could be transferred. Pl.'s Br. 9-14.[4] Both arguments are addressed below.

A.      **The "skills" identified by the ALJ as transferrable are skills for the purposes of 20 C.F.R. § 404.1568(d)(1).**

Plaintiff argues the VE's testimony at Plaintiff's 2022 hearing established that the "skills" in question are all things that an unskilled Office Clerk would be able to do. Pl. Br. 6-7. Therefore, the "skills" do not involve any activities beyond the knowledge and ability of an unskilled worker, and by definition, do not constitute "skills." *Id*. In response, Defendant argues that the "mere fact that Plaintiff's skills could be used in an unskilled job does not mean that they are not transferrable to semi-skilled or skilled work, as the regulations require." Defendant's Brief ("Def.'s Br."), ECF 13, 3.

The "skills" identified by the ALJ as transferrable are skills for the purposes of 20 C.F.R. § 404.1568(d)(1). Plaintiff is considered to have transferrable skills if the skilled or semiskilled work activities he or she did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. 20 C.F.R. § 404.1568(d)(1).

---

[4] In his opening brief, Plaintiff further argues the RFC functionally limits Plaintiff to sedentary work, and that the ALJ should have applied the sedentary grid riles to his claim. Pl. Br. 7-9. The basis for this argument is unclear given that the ALJ applied Grid Rule 201.15, which addresses claimants limited to sedentary work. Tr. 22.

Transferability depends largely on the similarity of occupationally significant work activities among different jobs. *Id.* Transferability is most probable when: (i) The same or lesser degree of skill is required; (ii) The same or similar tools and machines are used; and (iii) The same or similar raw materials, products, processes or services are involved. 20 C.F.R. § 404.1568(d)(2). However, "[a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

Here, Plaintiff did not participate in any unskilled jobs. In fact, both of his prior occupations – Dispatcher and Bus Driver – were semi-skilled occupations. The VE's testimony states that the applicable clerical "skills" obtained in those positions can be utilized in three semi-skilled positions: Data Entry, Receptionist and Clerical Sorter. Tr. 51. The VE also testified that those skills could be utilized in an unskilled position, that of Office Helper. Tr. 54. But the fact that Plaintiff's skills could be used in an unskilled job does not mean that they are not transferrable to semi-skilled work. Therefore, the ALJ did not err in concluding that Plaintiff met the regulatory definition of having "transferable skills."

**B.     The ALJ was not required to find that Plaintiff's skills were transferable to a significant range of skilled work.**

Plaintiff argues that because he reached age 50 (defined as "closely approaching advanced age") during the pendency of his claim and because he is functionally limited to sedentary exertion, a finding of "disabled" is appropriate unless he has skills transferrable to a "significant range of skilled work." Pl.'s Br. 4. This a misapplication of the rules. 20 C.F.R. Appendix 2 of Subpart P of Part 404, Medical-Vocational Rule ("Rule") 201.00(g) states that "[i]ndividuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work

experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains." This is not the case for Plaintiff. As previously established, Plaintiff has transferrable skills applicable to semi-skilled occupations that exist in the national economy. Accordingly, Rule 201.00(g) is inapplicable.

Nevertheless, Plaintiff argues that Rule 201.00(e) is applicable to the ALJ's grid rule analysis. Plaintiff argues that Rule 201.00(e) (the "sedentary Rule") and Rule 202.00(e) (the "light Rule") both contain the "identical critical phrase, 'a significant range of . . . work' and that the same phrase must mean the same thing." Pl.'s Br. 10. Plaintiff asserts that the "specific phrase, 'significant range of skilled work,' as appearing in the rules for both sedentary and light exertion, be given the same meaning—to wit, that it refers to a 'range' of occupations, not merely a number of jobs, and that the range must be 'significant.'" *Id.* 10. Plaintiff argues these terms should be given the same meaning, and because the ALJ failed to identify "a significant range of skilled work" to which his acquired skills from past work could be transferred, the ALJ erred in concluding that he was not disabled. Pl.'s Br. 9 (citing *Lounsbury v.* Barnhart, 468 F.3d at 1117-18 (a claimant does not have transferrable skills for purposes of the light grid rules if those skills transfer to only one occupation).

The Ninth Circuit has rejected this argument *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008). Like the Plaintiff here, the plaintiff in *Tommasetti* argued that the ALJ should have found her disabled because her skills did not transfer to a significant range of sedentary occupations. *Tommasetti*, 533 F.3d at 1043-44. *Tommasetti* applied Rule 201.07 for sedentary work and held that it applied even when plaintiff's skills transferred to only one occupation requiring very little occupational adjustment. *Id.* The *Tommasetti* court explicitly distinguished *Lounsbury*, holding that the rule formulated in *Lounsbury* did not apply under the sedentary

grid rules. *Id.* Specifically, the grid rules relating to sedentary work exertion do not contain the language of Rule 202.00(c). *Id.* & n. 5 (further concluding that Rule 201.00(e) is not the same provision as Rule 202.00(c) based on the text of the rules). The court rejected the plaintiff's "attempt to graft rules applicable to the light exertion grid onto the sedentary exertion grid" because the SSA promulgated rules that treat jobs requiring light exertion and sedentary exertion differently under the grids, and the plaintiff in *Tommasetti* had not convinced the court to "do otherwise." *Id.* (explaining further that a contrary result could lead to the "confused and arbitrary application of grid rules from one exertional category to other exertional categories" which could defeat the consistency and uniformity goals served by the grids).

*Tommasetti* is indistinguishable from Plaintiff's case. Plaintiff is limited to sedentary work and Rule 202.00(c) does not apply. Thus, the ALJ was not required to identify "a significant range of skilled work" to which his skills acquired from past work could be transferred, and the ALJ did not err in concluding that Plaintiff was not disabled.

## ORDER

The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 13th day of November, 2023.

_____
ANDREW HALLMAN
United States Magistrate Judge